Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000680
23-AUG-2012
08:45 AM

NO. CAAP-12-0000680

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAPONO TUMALE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT,
WAILUKU DIVISION
(2DTI-12-017490 and 2DTC-12-005109)

ORDER
(1) DISMISSING THE AUGUST 14, 2012
MOTION TO PROCEED IN FORMA PAUPERIS
AND
(2) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Gonoza, JJ.)

Upon consideration of Defendant-Appellant Kapono Tumale's (Appellant Tumale) August 14, 2012 motion to proceed in forma pauperis, the papers in support, and the record and files herein, it appears that the motion must be dismissed because we lack jurisdiction over this appeal under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011) and HRS § 641-12 (Supp. 2011).

Appellant Tumale appears to be appealing from district court cases in 2DTI-12-017490 and 2DTC-12-005109 involving a mix of non-criminal traffic infractions and also alleged crimes.

"Appeals from the district court, in criminal cases, are authorized by HRS § 641-12, which . . . provides in pertinent part that appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." State v. Ontiveros, 82 Hawai'i 446, 449, 923 P.2d 388, 391 (1996) (internal quotation marks and brackets omitted). "[I]n order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP Rule 4(b)(3)." State v. Bohannon, 102 Hawai'i 228, 236, 74 P.3d 980, 988 (2003).

"No traffic infraction shall be classified as a criminal offense." HRS § 291D-3(a). Appeals from judgments after trial for a traffic infraction are taken in the manner provided for appeals from district court civil judgments. Hawai'i Civil Traffic Rules, Rule 19(d). In order to appeal from a civil matter in the district court pursuant to HRS § 641-1(a), the appealing party must appeal from a written judgment, order or decree:

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. In district court cases, a judgment includes any order from which an appeal lies. A final order means an order ending the proceeding, leaving nothing further to be accomplished. When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote

omitted; emphases added). Thus, "[i]n civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (citation, original brackets, and internal quotation marks omitted).

Both Rule 4(a)(2) and Rule 4(b)(4) of the Hawai'i Rules of Appellate Procedure (HRAP) contain substantially similar language that authorizes a party to file a premature notice of appeal in a civil or criminal matter after the announcement of a trial court's decision but before the trial court's entry of the judgment or order. When the Supreme Court of Hawai'i analyzed substantially similar language in an earlier version of HRAP Rule 4(b), the Supreme Court of Hawai'i held that "[w]hile we treat an appeal as timely where a defendant has filed his or her notice of appeal after the court has announced an oral decision but before the entry of a written order or judgment, see HRAP [Rule] 4(b), we cannot do so where the court has rendered no decision whatsoever." Grattafiori v. State, 79 Hawai'i 10, 14, 897 P.2d 937, 941 (1995) ("Consequently, we are without jurisdiction to address the merits of Grattafiori's appeal.").

Likewise in the instant case, Appellant Tumale filed his July 31, 2012 notice of appeal prior to the district court's announcement of its final decisions in 2DTI-12-017490 and 2DTC-12-005109. Absent a final decision and the entry of a written judgment, order or decree, we lack jurisdiction over appellate court case number CAAP-12-00000680.

> [J]urisdiction is the base requirement for any
> court considering and resolving an appeal or
> original action. Appellate courts, upon
> determining that they lack jurisdiction shall
> not require anything other than a dismissal of
> the appeal or action. Without jurisdiction, a
> court is not in a position to consider the case
> further. Thus, appellate courts have an
> obligation to insure that they have jurisdiction
> to hear and determine each case. The lack of
> subject matter jurisdiction can never be waived
> by any party at any time. Accordingly, when we
> perceive a jurisdictional defect in an appeal,
> we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898

P.2d 576, 588 (1995) (citation, internal quotation marks, and

ellipsis points omitted; emphasis added); Peterson v. Hawaii

Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265,

1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp.

1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i

64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Accordingly,

IT IS HEREBY ORDERED that Appellant Tumale's August 14,

2012 motion to proceed in forma pauperis is dismissed, because we

hereby dismiss appellate court case number CAAP-12-0000680 for

lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, August 23, 2012.

Presiding Judge

Associate Judge

Associate Judge